# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES of AMERICA** | : | |
| | | 3:17-CR-30 |
| | : | |
| v. | | |
| | : | (JUDGE MANNION) |
| **LAURENCE CADOGAN,** | : | |
| **Defendant** | : | |

## MEMORANDUM

**I.     BACKGROUND**

On March 15, 2021, defendant Laurence Cadogan, an inmate confined at FCI Coleman Low in Sumterville, Florida, who is serving an aggregate 87-month federal sentence, (*see* June 18, 2018 Judgment, Doc. 51), filed, *pro se*, an Emergency Motion to Reduce Sentence and Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A). (Doc. 55). Cadogan seeks the court to reduce his sentence to time served and release him from prison due to the COVID-19 pandemic and his alleged underlying medical conditions, namely, obesity, asthma, and hypertension, which he claims would make him more at risk from suffering severe complications if he contracts the virus. Cadogan also claims that he is in danger of

1

contracting the virus based on the conditions of the prison and its failure to take adequate steps to protect him from the virus.[1]

On March 15, 2021, the court directed the government to respond to defendant's motion. (Doc. 56). The government timely filed its response, (Doc. 57). Cadogan did not file a reply brief and the time within which to do so has expired.

In his motion, Cadogan acknowledges that under 18 U.S.C. §3582(c)(1)(A) he must first make a request for compassionate release to the BOP and then give it 30 days to respond, but he requests the court to waive the exhaustion requirement for him on the basis that it would be futile and the COVID-19 pandemic "threaten[s] [his] life at the [prison]." As such, Cadogan admitted that he filed his instant motion before he waited 30 days for the Warden to respond after he submitted his request for compassionate release. Thus, despite the fact that Cadogan has failed to exhaust his BOP administrative remedies before he filed his motion, he contends that his "pre-

---

[1]The court takes judicial notice of the policies and procedures adopted by the BOP to prevent or limit the spread of COVID-19 within federal prisons. *See* http://www.bop.gov/coronavirus/index.jsp.
  The court also notes that as of July 12, 2021, no staff member and no inmate are currently positive for COVID-19 at FCI Coleman Low, one inmate and one staff member have died from the virus, and 224 inmates and 44 staff have recovered from the virus. *See* https://www.bop.gov/coronavirus/. The court further notes that to date, the BOP has administered 200,420 doses of the COVID-19 vaccine to staff and inmates at federal prisons throughout the country.

existing medical conditions coupled with the COVID-19 pandemic … constitute 'extraordinary and compelling reasons'" for granting his motion.

For the reasons set forth below, Cadogan's motion for compassionate release under 18 U.S.C. §3582(c)(1)(A)(i), will be dismissed without prejudice for lack of jurisdiction due to his failure to exhaust his prison administrative remedies under §3582(c)(1)(A)(i), since he filed his present motion only five days after he submitted his request to the Warden and before 30 days had lapsed after he submitted his request.

## II. DISCUSSION[2]

The court will first consider the exhaustion issue since proper exhaustion of administrative remedies is a threshold issue. United States v. Gadsden, 2020 WL 3871083, *1 (W.D. Pa. July 9, 2020) ("In United States v. Raia, 954 F.3d 594 (3d Cir. 2020), the court of appeals held that district courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies.").

In its response, the government states that "Cadogan's request for compassionate release was received by the Warden on March 10, 2021[,]

---

[2]On February 8, 2018, Cadogan entered a guilty plea to two charges in the indictment, (Doc. 37), namely, Possession With Intent to Distribute Heroin, 21 U.S.C. §841(b)(1)(C), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. §924(c). On June 18, 2018, Cadogan was sentenced to an aggregate 87 months of imprisonment followed by three years of supervised release. (Doc. 51).

[Doc. 57-1][,] and "[t]he Bureau of Prisons has not failed to bring a motion on the defendant's behalf nor has the lapse of 30 days from the receipt of such a request by the warden occurred." Thus, the government states that Cadogan has failed to exhaust his administrative remedies as required under §3582(c)(1)(A) and his request should be denied without prejudice. (Doc. 57 at 5).

No doubt that the court presently lacks jurisdiction over Cadogan's motion for a sentence reduction since §3582(c) requires that a request for a sentence reduction be presented first to BOP for its consideration, and that only after 30 days have passed, or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may a defendant move for a sentence reduction in court. Indeed, as the Third Circuit confirmed, where 30 days have not passed following presentation of a request to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point." United States v. Raia, 954 F.3d 594 (3d Cir. 2020); *see also* United States v. Harris, No. 20-1723, 973 F.3d 170 (3d Cir. 2020) (holding that an inmate may file a motion for compassionate release in Court 30 days after presenting the request to the warden, whether the administrative process is fully exhausted or not).

Additionally, the court must "confirm that exhaustion is satisfied because [the Third] Circuit has held that §3582(c)(1)(A)'s exhaustion requirement is mandatory." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020) (citing Raia, 954 F.3d at 597 (mandating "strict

compliance" with §3582(c)(1)(A)'s exhaustion requirement)). The defendant carries the burden to demonstrate that he satisfied the statutory exhaustion requirement. United States v. Trammel, 2021 WL 734228, *2 (W.D. Pa. Feb. 25, 2021)

"Prior to petitioning a court for relief under §3582(c), a defendant must first file an administrative request for compassionate release with the warden of their facility and then either: (1) fully exhaust BOP's administrative remedies; or (2) wait thirty (30) days from the date their administrative request was filed with the warden." United States v. Davidson, 2020 WL 4877255, *5 (W.D. Pa. Aug. 20, 2020). Thus, "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, **whichever is earlier**.'" United States v. Harris, 973 F.3d 170 (3d Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A) (emphasis original). Further, "the [compassionate release] statute states that the defendant may file the motion thirty days after the warden receives his request." *Id*. (citing Raia, 954 F.3d at 595 ("But before they [file a compassionate-release motion], defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond.")). *See also* United States v. Pitt, 2020 WL 2098272, *2 (M.D. Pa. May 1, 2020) ("One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing

a claim in federal court is to give the BOP an opportunity to address the issue.") (citation omitted).

Although Cadogan did not wait 30 days to file his motion after he submitted his request to the Warden, he claims that the court should waive the exhaustion requirement in his case. However, "[t]he exhaustion requirement is mandated by statute and cannot be waived by the court or the government." United States v. Trammel, 2021 WL 734228, *1. Thus, Cadogan has failed to meet his burden of establishing the procedural prerequisites for judicial review by showing that he has satisfied 30-day requirement contained in §3582(c)(1)(A).

Moreover, similar to an inmate who files a civil rights action must first exhaust his administrative remedies with the prison before filing his action in federal court, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e, and cannot complete the exhaustion process while his action is pending in the court, see Banks v. Roberts, 251 Fed.Appx. 774, 775-76 (3d Cir. 2007) (Third Circuit held that an inmate who filed his civil rights complaint in federal court before he completed the BOP administrative remedy appeal process failed to comply with PLRA mandatory exhaustion requirement, and that "[a] prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court), the court finds that a defendant filing a motion for compassionate release under §3582(c)(1)(A) cannot wait out the 30-day period after he presents his request to the Warden while his motion is

pending in the court. See Raia, *supra;* Trammel, 2021 WL 734228, *2 ("The court is aware that more than 30 days have now passed since [defendant] submitted his motion to the court", and "[t]he mere passage of time since [defendant] filed his motion does not make it ripe."). Rather, a defendant must wait 30 days after he submits his request to the Warden before he files his motion for compassionate release with the court.

Since Cadogan did not wait for 30 days after he submitted his request to the Warden before he filed his instant motion, which is statutorily required, his motion is premature and will be dismissed without prejudice.

Secondly, the court cannot yet determine if Cadogan has demonstrated that "extraordinary and compelling reasons" warrant a reduction of his sentence since he has not exhausted his administrative remedies. See United States v. Rodriguez, 2020 WL 6047564, at *4 (M.D. Pa. Oct. 13, 2020); Raia, 954 F.3d at 597 ("The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons'" after the defendant exhausts administrative remedies with the BOP.). The Third Circuit in Raia, *id.*, also held that defendant's failure to comply with §3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release at this point."

As the Third Circuit in Raia, 954 F.3d at 597, explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and

professional efforts to curtail the virus's spread." (citation omitted). *See also* Feiling, 2020 WL 1821457, *5 ("the Court agree[d] with the Third Circuit [in Raia] and the district courts cited [in its decision] and will join them in holding that the mere existence of COVID-19 among the prison population and an inmate's susceptibility to it do not justify waiver of the administrative exhaustion requirement under §3582(c)(1)(A).") (string citations omitted).

### III. CONCLUSION

Defendant Cadogan's Emergency Motion for Reduction of Sentence to time served and for Compassionate Release related to the COVID-19 pandemic, **(Doc. 55)**, will be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under §3582(c)(1)(A)(i) since he filed his motion before 30 days had lapsed from the time he submitted his request to the Warden. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 14, 2021**
17-30-01